IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 WELFARE AND PENSION FUNDS, | )<br>)<br>)<br>) NO. 21-CV-2316 |
| PLAINTIFFS, | ) JUDGE |
| v. | ) MAGISTRATE JUDGE |
| ALUMITAL CORPORATION, an Illinois corporation, | )<br>)<br>) |
| DEFENDANT. | ) |

## **COMPLAINT**

Plaintiffs, TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 WELFARE AND PENSION FUNDS, by counsel, DONALD D. SCHWARTZ, GRANT R. PIECHOCINSKI and ARNOLD AND KADJAN, LLP complain against Defendant, **ALUMITAL CORPORATION,** an Illinois corporation, as follows:

1. a) Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185 (a) as amended.

(b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2. Venue is founded pursuant to 29 U.S.C. Section 1132 (e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3. (a) The Plaintiffs in this count are the TRUSTEES OF THE GLAZIERS, ARCHITECTURAL METAL AND GLASS WORKERS LOCAL UNION NO. 27 FRINGE

BENEFIT FUNDS ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b) The Funds have been established pursuant to Collective Bargaining Agreement previously entered into between the Glaziers Union Fringe Benefit Funds and its affiliated locals (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c) The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4. Defendant, **ALUMITAL CORPORATION,** is a limited liability corporation authorized to do business in Illinois and is an employer engaged in an industry affecting commerce.

5. Since on or before July 1, 2010, **ALUMITAL CORPORATION** entered into a Collective Bargaining Agreement with the Union pursuant to which it is required to pay specified wages and to make periodic contributions to the Funds on behalf of certain of its employees.

6. By virtue of certain provisions contained in the Collective Bargaining Agreement, **ALUMITAL CORPORATION** is bound by the Trust Agreement establishing the Funds.

7. Under the terms of the Trust Agreements to which it is bound, **ALUMITAL CORPORATION** is required to make contributions to the Funds on behalf of their employees.

8. The terms of the Collective Bargaining Agreement and the Trust Agreements required **ALUMITAL CORPORATION** to submit all necessary books and records to Plaintiff's accountant for the purpose of determining whether or not it was in compliance with its obligation to contribute to the Funds, when given reasonable notice by Plaintiffs.

## COUNT I - AUDIT

9. Upon information and belief, Plaintiffs are advised that **ALUMITAL CORPORATION** has breached the provisions of the Labor Agreement and Trust Agreement by failing to pay all of the contributions owed to the Funds for the period of July 1, 2017 through March 31, 2020 as evidenced by a fringe benefit compliance audit for that period.

10. Plaintiffs have been required to employ the undersigned attorneys and their law firm to collect the monies that may be found to be due and owing from **ALUMITAL CORPORATION**.

11. **ALUMITAL CORPORATION** is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

12. Pursuant to 29 U.S.C. § 1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

   (i) interest on the unpaid contributions; or

   (ii) liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. That judgment be entered in favor of Plaintiffs and against Defendant **ALUMITAL CORPORATION** in the amount shown to be due on the audit for the period of July 1, 2017 through March 31, 2020.

B. This Court enjoin **ALUMITAL CORPORATION** from violating the terms of the Collective Bargaining Agreement and Trust Agreement by failing to make timely payments to the Funds and **ALUMITAL CORPORATION** be ordered to resume making those payments.

C. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with all liquidated damages owed in this action, including those based on tardily submitted reports in the amount of up to 20%, all as provided in the applicable agreements and ERISA § 502(g)(2).

D This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

    Respectfully submitted,

    **TRUSTEES OF THE GLAZIERS,**
    **LOCAL UNION NO. 27 WELFARE &**
    **PENSION FUNDS**

    By: s/ Donald D. Schwartz
        One of their Attorneys

Donald D. Schwartz
Grant R. Piechocinski
ARNOLD AND KADJAN, LLP
35 East Wacker Drive, Suite 600
Chicago, Illinois 60601
(312) 236-0415